**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

| | |
|---|---|
| MACE MARINE INC., d/b/a Conch Republic Divers, | ) ) ) ) NO. _____ ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TOKIO MARINE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Tokio Marine Specialty Insurance Company ("Tokio Marine"), by and through its undersigned attorneys, hereby removes to this Court the state court action described below. Tokio Marine has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 because there is complete diversity as to the defendant Tokio Marine and the plaintiff Mace Marine Inc. ("Plaintiff"), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

1. On April 6, 2020, Plaintiff commenced this action by filing a complaint in the Circuit Court of the 16th Judicial Circuit in and for Monroe County, Florida, Case No. 20-CA-000120-P. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings in the state court file are attached hereto as Exhibit 1.

2. The Complaint alleges that Plaintiff was insured by Tokio Marine under a commercial lines insurance policy. (Ex. 1, Complaint, ¶ 1.) Plaintiff asserts that Tokio Marine breached that insurance contract when it denied Plaintiff's claim for business income coverage

arising from losses, expenses and impacts to its business as a result of orders of the state of Florida and Monroe County in response to the COVID-19 outbreak which restricted travel, restricted public access to businesses deemed non-essential, and ordered persons in Florida to limit movements and interactions outside of their homes. (Ex. 1, Complaint, ¶¶ 4, 16, 18, 19, 32, 53.)

3. Plaintiff asserts three causes of action: declaratory judgment; breach of contract; and statutory bad faith. Plaintiff seeks to recover compensatory damages in an unspecified amount exceeding $30,000, exclusive of interest, attorneys' fees and costs. (*See* Ex. 1, Complaint, ¶ 8, and at 9, Prayer for Relief.) In addition, Plaintiff seeks punitive and extra-contractual damages in connection with its statutory bad faith claim. (*See* Ex. 1, Complaint at ¶¶ 61.) Plaintiff also seeks statutory attorney's fees pursuant to Fla. Stat. §§ 624.155(4) and 627.428. (*See* Ex. 1, Complaint, ¶ 61 and at 9, Prayer for Relief ¶ C.)

4. The Complaint identifies Tokio Marine as the sole named defendant.

5. Notice of the filing of this Notice of Removal has been provided to Plaintiff by service of a copy of this Notice of Removal upon its attorneys as required by 28 U.S.C. § 1446(d). A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the 16th Judicial Circuit in and for Monroe County, Florida in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of that filing.

## TIMELINESS OF REMOVAL

6. Tokio Marine was served with the Complaint in this action on April 10, 2020. In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Tokio Marine's notice and receipt of Plaintiff's Complaint.

## JURISDICTION

### A.  Complete Diversity Exists As To All Properly Joined Parties

7. Plaintiff is a Florida corporation with its principal place of business in Florida. (*See* Ex. 1, Complaint ¶ 6.)

8. Defendant Tokio Marine is a Delaware corporation with its principal place of business in Pennsylvania. Thus, there is complete diversity between Plaintiff and Tokio Marine as required by 28 U.S.C. § 1332(c)(1).

### B.  The Amount In Controversy Exceeds $75,000

9. To confer subject matter jurisdiction on the court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Where, as here, "a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotations omitted), citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). In applying this standard, the Eleventh Circuit has recognized that common sense and reasonable inferences should guide the Court:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. . . . Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." . . . Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

This approach is consistent with those of other circuits.

*Id.* at 1061-62 (citations omitted).  Based upon Plaintiff's allegations and theories (which Defendant disputes, but which control for removal purposes), the $75,000 amount in controversy requirement is satisfied.

10. First, the Complaint seeks a declaration that Tokio Marine's denial of Plaintiff's claim under its insurance policy was a breach of contract and the Complaint also seeks compensatory damages for that same alleged breach.  (*See* Ex. 1, Complaint at 9, Prayer for Relief.)  As evidenced by the Certificate of Insurance issued to Plaintiff, which is attached hereto as Exhibit 2, the limits of coverage under the policy identified in the Certificate of Insurance for Business Income is $50,000.  (Ex. 2.)  As noted by this Court, the Eleventh Circuit and courts in this and other Florida district courts have recognized that when an insurance policyholder seeks declaratory relief relating to coverage under an insurance policy, the limits of the policy are considered part of the amount in controversy:

> In declaratory judgment actions where coverage under an insurance policy is at issue, courts have allowed the policy limit to serve as the amount in controversy. *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (holding that the face value of a life insurance policy constituted the jurisdictional amount); *Hirschhaut v. UnitedHealthcare Ins. Co.,* No. 15-60683-CIV, 2016 WL 8488279, at *2 (S.D. Fla. Mar. 16, 2016) (allowing the health insurance policy limit to serve as the amount in controversy); *Evanston Ins. Co. v. Sun W. Acquisition Corp.*, No. 8:13-CV-2893-T-33TGW, 2014 WL 988764, at *6 (M.D. Fla. Mar. 13, 2014) (applying *Guardian Life* to a property insurance dispute and finding that the policy limits satisfied the jurisdictional requirement).

*Bethany Evangelical Covenant Church of Miami, Fla., Inc. v. Philadelphia Indem. Ins.* Co., Case No.: 18-23336-CIV-Martinez/AOR, 2018 WL 6573322, at *2, *3 (S.D. Fla. Oct. 11, 2018) (finding limits of property damages policy satisfied jurisdictional requirement where plaintiff

sought declaratory relief that damage to property was covered under the policy). Accordingly, since Plaintiff has sought a declaration that its loss is covered under the policy issued by Tokio Marine, the $50,000 limits of that policy may serve as part of the jurisdictional amount for removal.

11. For compensatory damages, Plaintiff seeks in excess of $30,000. (*See* Ex. 1, Complaint, ¶ 8.) Plaintiff's Complaint also seeks punitive and extra-contractual damages for statutory bad faith in Count III under F.S.A. § 624.155. (*See* Ex. 1, Complaint ¶ 60.) These damages purport to be premised on Tokio Marine's alleged "general business practice of willful, wanton, immoral unlawful, malicious and/or deceptive claims handling practices." (*See* Ex. 1, Complaint ¶ 57.)

12. While Tokio Marine disputes that Plaintiff is entitled to any damages at all, the Eleventh Circuit requires that punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases, unless it is apparent to a legal certainty that such cannot be recovered. *Holley Equip. Co. v. Credit All. Corp.,* 821 F.2d 1531, 1535 (11th Cir.1987). Here, punitive damages are permitted under F.S.A. § 624.155(5) if plaintiff can establish malicious, willful or wanton behavior or actions in reckless disregard of the rights of the insured. Pursuant to F.S.A. § 768.73, punitive damages could be as great as the lesser of three times the amount of compensatory damages, or $500,000, either of which here would result in the amount in controversy exceeding the jurisdictional minimum of $75,000.

13. In addition, Plaintiff also seeks statutory attorney's fees pursuant to F.S.A. §§ 624.155(4) and 627.428. Statutory attorney's fees are likewise considered part of the amount in controversy. *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000); *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F.Supp.2d 1342, 1346 (S.D. Fla. 2013) (if insured prevails,

it would be entitled to an award of attorney's fees under F.S.A. § 627.428 so the inclusion of attorney's fees in the calculation of the amount in controversy is appropriate.).  While the precise amount of attorney's fees potentially awardable here is not known, even a modest attorney's fee award when added to the $50,000 policy limits could establish the jurisdictional minimum amount in controversy, even in the absence of punitive damages.

14.For all the foregoing reasons, the $75,000 amount in controversy requirement is satisfied here.

## CONCLUSION

Accordingly, and pursuant to  28 U.S.C. § 1332, and 28 U.S.C. § 1441, Defendant Tokio Marine Specialty Insurance Company hereby removes this action to the United States District Court for the Southern District of Florida based on the parties' complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

Dated:  April   30th  , 2020.

Respectfully submitted,

By:   s/ Monica L. Irel
One of the attorneys for Defendant Tokio Marine Specialty Insurance Company
Monica L. Irel
DENTONS US LLP
10700 N. Kendall Drive
Suite 303
Miami, Florida 33176
Telephone:  305-670-4843
Facsimile:  305-670-4846
E-mail: monica.irel@dentons.com

*One of the attorneys for Defendant Tokio Marine Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30th, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served by United States First Class Mail on all counsel or parties of record on the service list below:

**SERVICE LIST:**

**THE LANDAU LAW GROUP, P.A**.
Matthew D. Landau, Esq.
Fla. Bar. No. 445967
1200 North Federal Highway,
Ste. 200
Boca Raton, FL 33432
Phone: (954) 964-0900
matt@thelandaulawgroup.com

Thayer A. Musa, Esq.
Fla. Bar. No. 0562211
**LAW OFFICES OF THAYER A. MUSA**
9008 SW 152 ST.
Miami, FL 32157
Office: 305-233-6872
Fax: 305-235-6872
thayer@musalaw.com

Co-Counsel for Plaintiff

            _____ s/ Monica L. Irel _____
            *One of the attorneys for Defendant Tokio Marine*
            *Specialty Insurance Company*