UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
**CASE NO. 20-10044-CIV-MARTINEZ-OTAZO-REYES**

MACE MARINE INC., d/b/a
CONCH REPUBLIC DIVERS,

     Plaintiff,

v.

TOKIO MARINE SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## <u>ORDER ON MOTION TO REMAND</u>

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand and Incorporated Memorandum of Law, [ECF No. 11]. Defendant filed its Response in Opposition, [ECF No. 18], to which Plaintiff has subsequently replied, [ECF No. 20]. The Court, having reviewed the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, **GRANTS** Plaintiff's Motion to Remand.

### I.    <u>Background</u>

Plaintiff originally filed its case in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe Country, Florida. [ECF No. 1-2]. This suit involves a commercial property insurance policy dispute, wherein Plaintiff alleges it is entitled to the insurance benefits included in the insurance policy issued by Defendant. Plaintiff brings claims for breach of contract, a declaratory judgment, and statutory bad faith pursuant to Florida Statute § 624.155. Plaintiff also claims entitlement to statutory attorneys' fees pursuant to Florida Statutes §§ 624.155(4) and 627.48.

Defendant timely removed the action to federal court, asserting federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1]. In support, Defendant claims the amount in controversy requirement is met despite the fact that Plaintiff's Complaint specifically requests $30,000 in physical damages and the policy is limited at $50,000. Defendant argues that the amount in controversy exceeds $75,000 based on the sum of the $50,000 in potential benefits under the policy, the reasonable attorneys' fees Plaintiff may recover throughout the litigation, and the potential for punitive and extra-contractual damages under the bad faith claim. Regarding the attorneys' fees, Defendant specifically cites to the Declaration of Monica L. Irel, [ECF No. 18-1], which states that "Plaintiff will more likely than not incur more than $25,000 in attorneys['] fees."

Plaintiff has now moved to remand the action back to state court, claiming that Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, Plaintiff argues that the bad faith claim is not properly before the Court and should therefore not be considered for amount-in-controversy purposes. Additionally, Plaintiff cites to authority in this district that the only reasonable attorneys' fees that should be considered at this juncture are those accrued at the time of removal—not the total possible amount recoverable at the conclusion of the litigation. Based on this argument, Plaintiff asserts that the amount in controversy falls below the $75,000 threshold required for federal diversity jurisdiction.

## II.      **Legal Standard**

A civil action may be removed from a state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and as the removing party, Defendant bears the burden of showing the existence of federal subject matter jurisdiction. *See Conn. St. Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Additionally, "any substantial doubts as to the propriety of the

removal must be resolved against proponents of the federal forum." *Waters v. Bausch & Lomb, Inc.*, No. 06-80547-CIV, 2006 WL 8433439, at *2 (S.D. Fla. Jul. 28, 2006) (internal quotations and citation omitted). In other words, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III.    Analysis

 "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The "jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Additionally, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62.

The parties do not dispute that Plaintiff can recover a maximum of $50,000 under the insurance policy. Therefore, the two issues before the Court are (1) whether the Court should only consider attorneys' fees incurred at the time of removal; and (2) whether Plaintiff's statutory bad faith claim should be considered for amount-in-controversy purposes.

### A.    Attorneys' Fees

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount of controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Perez v. Scottsdale Ins. Co.*, No. 19-22761-CIV, 2019 WL 5457746, at *3 (S.D. Fla. Oct. 24, 2019). Florida Statute § 627.428 unambiguously allows an insured or

beneficiary who prevails in an action against an insurer for benefits to recovery attorneys' fees. *Id*. District courts in this Circuit, however, disagree as to whether courts should consider anticipated post-removal attorneys' fees in determining federal jurisdiction at the time of removal. *Compare Hannat v. USAA Gen'l Indem. Co.*, No. 17-21754, 2017 WL 4712667, at *2 (S.D. Fla. Oct. 18, 2017) *with Traturyk v. W.-S. Life Assurance Co.*, No. 6:15-cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016).

The Eleventh Circuit has yet to address the issue; however, the recent trend among the Southern District of Florida highlights that only fees incurred at removal should be considered. *See Garcia De Paul v. Scottsdale Ins. Co.*, No. 20-cv-20574, 2020 WL 896813, at *1 (S.D. Fla. Feb. 25, 2020) (Moreno, J.); *Armendariz v. Scottsdale Ins. Co.*, No. 20-cv-20127, slip op. 5-6 (S.D. Fla. Feb. 19, 2020) (Ungaro, J.); *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1283 (S.D. Fla. Dec. 3, 2019) (Altman, J.); *Dukes v. Integon Nat'l Ins. Co.*, No. 19-cv-22205, 2019 WL 5543548, at *2 (S.D. Fla. Oct. 28, 2019) (Gayles, J.); *Oliva v. Geovera Specialty Ins. Co.*, No. 19-cv-23625, 2019 WL 4183582, at *2–3 (S.D. Fla. Sept. 4, 2019) (Bloom, J.); *Greene v. Columbian Life Ins. Co.*, No. 18-cv-21819, 2018 WL 8224886, at *3 (S.D. Fla. June 15, 2018) (Scola, J.).

Accordingly, the Court agrees that "[s]ince jurisdiction is determined at the time of removal and not on hypothetical or speculative post-removal events, the Court can only look to the amount of fees incurred at the time of removal." *Garcia De Paul*, 2020 WL 896813, at *1. Defendant has only asserted in a conclusory fashion that "[i]n the event that this matter is litigated through trial, Plaintiff will more likely than not incur more than $25,000 in attorneys['] fees." [ECF No. 18-1]. Defendant does not include any support for the amount of fees Plaintiff has or could have incurred at the time of removal. Additionally, because this case was removed immediately subsequent to

the filing of the Complaint, the Court's "reasonable deduction" is that the attorneys' fees incurred do not amount nearly to $25,000. *See Roe*, 613 F.3d at 1061–62.

B. Bad Faith Claim and Potential Punitive Damages

Defendant next asserts that because Plaintiff's Complaint includes a claim for statutory bad faith, and therefore, includes potential punitive damages, the amount in controversy exceeds the jurisdictional threshold. Again, the parties cite to conflicting caselaw within this Circuit. *Compare Symonette v. MGA Ins. Co.*, No. 12-cv-21428, 2012 WL 12943077, at *1–2 (S.D. Fla. Oct. 4, 2012) *with Marrero v. GEICO Gen. Ins. Co.*, No. 12-cv-80133, 2012 WL 13024105, at *3 (S.D. Fla. May 16, 2012). This Court, however, agrees with analysis set forth in *Symonette*.

Under Florida law, a claim for bad faith under § 624.155 does not accrue until the underlying first-party action for insurance benefits against the insurer has been resolved in favor of the insured. *See Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). "Thus, at the time of removal, Plaintiff's bad faith claim was not ripe and thus not properly before the Court." *Symonette*, 2012 WL 12943077, at *1–2. Accordingly, "the amount involved in the bad faith claim should not be considered in determining the amount in controversy." *Id.* at *1; *see also Welsh v. Gen. Am. Life Ins. Co.*, No. 8:18-cv-1227-T-33JSS, 2018 WL 2332015, at *1 (M.D. Fla. May 23, 2018).

Accordingly, because Plaintiff's bad faith claim does not yet exist, the Court cannot consider it in determining the amount in controversy. As such, Defendant has failed to establish that the amount in controversy was met at the time of removal. The Court lacks subject matter jurisdiction.

IV.   **Conclusion**

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion to Remand and Incorporated Memorandum of Law, [ECF No. 11],

   is **GRANTED.**

2. This case is remanded to the Circuit Court of the Sixteenth Judicial Circuit in and for

   Monroe Country, Florida.

3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT.**

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of June 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record
Magistrate Judge Otazo-Reyes